```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :    12 Civ. 6122 (DLC)
SOTERO GOMEZ,                           :    08 Cr. 429-04
           Petitioner,                  :
                                        :    OPINION & ORDER
           -v-                          :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
           Respondent.                  :
                                        :
----------------------------------------X
```

APPEARANCES:

For the petitioner:
Sotero Gomez
Reg #91525054
Low Security Correctional Institution
P.O. Box 1000
White Deer, PA 17887

For the respondent:
Rachel P. Kovner
Jessica Ortiz
U.S. Attorney's Office, Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On August 6, 2012, Sotero Gomez ("Gomez") filed this timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Gomez had entered a plea of guilty to participating in a narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). He was sentenced principally to 240 months' imprisonment. The conviction was affirmed on appeal.

In this petition, Gomez contends that his attorney was ineffective when providing him with advice in connection with the entry of his plea and again on appeal, and that the sentence was unreasonable. Among other things, Gomez asserts that if properly advised and appropriately sentenced, he should have received a sentence of less than ten years' imprisonment. For the reasons stated below, the petition is denied.

BACKGROUND

On May 15, 2008, Gomez was indicted in two counts with conspiring to distribute or possess with intent to distribute one kilogram or more of heroin, and with possession of a firearm in furtherance of that crime. The first count carried a mandatory minimum term of imprisonment of ten years; the second count carried a mandatory consecutive term of imprisonment of five years. The defendant was arrested in the Dominican Republic and extradited to the United States, arriving in the custody of the Bureau of Prisons on April 15, 2010.

At a conference of June 25, 2010, trial was set for November 29, 2010. On October 25, 2010, Gomez entered a plea of guilty pursuant to a plea agreement with the Government ("Agreement"). He pleaded guilty to a lesser included offense within Count One, specifically to conspiring to distribute or possess with intent to distribute 1,000 grams or more of heroin

2

in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  That plea carried a mandatory minimum sentence of five years' imprisonment and a maximum sentence of 40 years' imprisonment.

In the Agreement, the parties calculated the sentencing guidelines range associated with the crime to which Gomez pleaded guilty as 292 to 365 months' imprisonment based on an Offense Level of 40 and a Criminal History Category of I.  The Offense Level of 40 was derived from a base offense level of 38, for the defendant's involvement in a drug conspiracy involving over 30 kilograms of heroin; an adjustment of 2 levels for possession of firearms in connection with the Count One drug conspiracy; an adjustment of 3 levels for the defendant's role as a manager; and a 3 level reduction for a timely acceptance of responsibility.  While the parties agreed that a sentence within the stipulated range would be "reasonable", and that they would not seek a departure from that range, they reserved the right to seek a non-guidelines sentence based upon the factors set forth in Section 3553(a).  The defendant also agreed that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range set forth above (292 to 365 months' imprisonment)."

During his plea allocution, the defendant was advised of his rights, informed of the elements of the crime charged in

Count One, advised of the penalties that applied to Count One as charged in the Indictment and also of the penalties for the lesser included offense to which he was pleading guilty.  The defendant identified the Agreement, explained that he had read it and discussed it with his attorney before signing it, and acknowledged the stipulated guidelines range and his waiver of appellate rights.  He reported that he understood that the Government had agreed to accept a plea to the lesser included offense, which carried a lower mandatory minimum term of imprisonment, among other things.  He also acknowledged that, by executing the Agreement, he had agreed to "give up [his] right to appeal, challenge or litigate [his] sentence so long as I [the Court] don't sentence you to more than 365 months in prison."  Gomez then admitted that he had conspired with others to sell 100 grams or more of heroin in the Bronx from 2004 to 2005.

    The Presentence Report ("PSR") also calculated the defendant's guidelines range as 292 to 365 months; it recommended a sentence of 292 months' imprisonment.  The defendant presented two sentencing submissions to the Court, dated January 21 and 24.  He denied carrying a gun "on a routine basis" but did not take issue with the adjustment to the sentencing guidelines calculation based on possession of a firearm.

At the sentencing proceeding on February 4, 2011, the Court noted that the parties' Agreement and the PSR both calculated the guidelines range as 292 to 365 months' imprisonment, which included adjustments for role in the offense and for firearms. The Court added, "while there are discussions in the [defendant's sentencing] submissions regarding firearms and role, I don't understand there to be any objection to the calculation of the sentencing guidelines range."  Defense counsel agreed, adding "We dispute that defendant possessed a gun, but [not] that he knew that there were guns."  The Court then inquired:  "you don't dispute that they are properly attributed to the defendant pursuant to the guidelines as calculated in the guideline stipulation and the presentence report?"  Defense counsel confirmed that the Court was correctly characterizing the defendant's position.  The Court then observed that it had "reviewed the factual submissions in this regard and find that those calculations are appropriate and adopt them."

The Court next observed that it was incumbent upon the Court to consider all of the factors under Section 3553(a) to arrive at a "reasonable" sentence.  The Court summarized the chief arguments made by Gomez for a non-guidelines sentence, including his close connection to family members and his community in the Dominican Republic and the fact that he

5

committed no acts of violence in connection with the drug conspiracy, although he had not disputed the importance of firearms to the conspiracy's operations.

Defense counsel emphasized that Gomez had not committed any criminal act for the first thirty years of his life, but only came to work in his brother's drug business after he found himself on the verge of losing his home.  Gomez started at the lowest rung of the enterprise and travelled to New York from the Dominican Republic periodically over the course of three years to assist his brother.  Over time, Gomez developed his own customers in New Jersey to whom he sold drugs and supervised people in the drug business.  After the Government made arrests of members of the organization in 2005, Gomez stayed in the Dominican Republic and did not reenter the drug business. Defense counsel argued that Gomez's strong connections to his family and community and decision not to reenter the drug business after 2005 and to change his life justified a non-guidelines sentence.  The defendant spoke of his religious faith and repentance, among other things.

The Court principally imposed a sentence of 240 months' imprisonment, which was 52 months below the sentencing guidelines range.  In imposing sentence, the Court observed that the defendant would not have ceased his participation in the drug business without the arrest of co-conspirators, but that

6

there was no evidence that the defendant had reentered the drug trade in the years since those arrests.

Defense counsel on appeal filed an Anders brief on behalf of Gomez.  The Court of Appeals granted the Government's motion for dismissal of the appeal on May 1, 2012.

## DISCUSSION

Under United States v. Booker, 543 U.S. 220, 260-61 (2005), a sentence can be challenged as unreasonable on either substantive or procedural grounds.  United States v. Crosby, 397 F.3d 103, 114 (2d Cir. 2005).  A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).  A sentence may be procedurally unreasonable when a district court "does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact."  Cavera, 550 F.3d at 190.

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Hill v. Lockhart, 474 U.S. 52, 58

(1984).  To establish deficient performance, a petitioner must overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance."  Harrington v. Richter, 131 S. Ct. 770, 787 (2011).  This requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. (quoting Strickland, 466 U.S. at 687).  To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  In this context, establishing prejudice requires that a petitioner "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Premo v. Moore, 131 S. Ct. 733, 743 (2011) (quoting Hill, 474 U.S. at 59).

Gomez contends that he is entitled to be re-sentenced because the Court failed (1) to consider several mitigating factors, which he does not identify in his petition, and (2) to articulate an individualized rationale for the sentence.  He next points out that the plea allocution did not contain a factual basis for finding that he possessed a firearm to advance or promote drug trafficking.

Gomez also asserts that his attorney provided ineffective assistance of counsel when he coerced Gomez to enter the Agreement with the Government in order for the defendant to be eligible to receive a lesser sentence.  Gomez asserts that but for that flawed advice, there was a reasonable probability that his sentence would have been ten years or less.  In connection with this argument, Gomez calculates that his guidelines range would have been 87 to 108 months' imprisonment if the Court had included a three point reduction for acceptance of responsibility.  In his reply papers, Gomez calculates that the properly calculated guidelines range is even lower, and should have been 70 to 87 months' imprisonment.  Gomez may also be presenting an argument that his attorney was ineffective for failing to advise him that the Agreement should not have included a sentencing guidelines adjustment for possession of a firearm in furtherance of a narcotics conspiracy.  This argument is premised on Gomez' belief that the adjustment required an admission during his plea allocution that he so possessed a weapon.  Gomez also asserts that the attorney who represented him on the appeal from his conviction was ineffective for failing to attack his plea, specifically its failure to include the factual nexus linking the possession of the firearm to the drug offense.

9

None of the issues raised by Gomez in this petition require that his conviction be vacated. To the extent that Gomez challenges the sentencing proceeding or the application of an adjustment to his sentencing guidelines calculation based on possession of a firearm, those issues were available to Gomez to raise on direct appeal and may not be raised for the first time in this petition. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

In addition, in his Agreement Gomez waived his right to challenge his sentence so long as he did not receive a sentence greater than 365 months' imprisonment. Such an agreement is presumptively enforceable. United States v. Arevalo, 628 F.3d 93, 98(2d Cir. 2010); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam). Nonetheless, a claim of ineffective assistance of counsel will survive a waiver if the claim relates to advice counsel gave with regard to entering the plea or the process by which the defendant agreed to plead guilty. See Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008). Thus, a waiver of the right to challenge a sentence will not be valid where "the waiver was not made knowingly, voluntarily, and competently." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

In determining that a waiver of the right to file a § 2255 petition was knowing and voluntary courts have considered factors such as: (1) whether the petitioner signed the plea agreement; (2) whether the petitioner stated during the plea colloquy that he had read and understood the plea agreement; (3) whether the petitioner, having been advised of the right to appeal, failed to take a direct appeal from the sentence; and (4) whether the petitioner failed to assert in his § 2255 petition that he did not understand the plea agreement's waiver clause. Garcia-Santos, 273 F.3d at 508. Gomez signed his plea agreement, and indicated at his plea allocution that he had read it and discussed it with his attorney. He also indicated that he understood that he had agreed to waive his right to challenge his sentence provided it did not exceed 365 months' imprisonment. Gomez's waiver thus constitutes an independent ground on which the challenges he brings in this petition may be denied.

Moreover, Gomez is wrong in believing that the adjustment to his sentencing guidelines range required any admission at the time he entered his plea of guilty. It was not necessary for the plea allocution to include admissions regarding a possession of weapons in furtherance of a drug conspiracy. A plea allocution is addressed to the elements of the offense, and there is no suggestion that the allocution here, which was

11

addressed to the crime of participating in a narcotics conspiracy, did not adequately address each of those elements.[1]

To the extent that Gomez complains that his appellate counsel was ineffective for failing to challenge the calculation of his sentencing guidelines range or the reasonableness of his sentence, that claim must also be denied.  There was no error in the calculation of the guidelines.  An adjustment for possession of a firearm in furtherance of a drug conspiracy is appropriate unless "it is clearly improbable that the weapon was connected with the offense."  United States v. Smith, 215 F.3d 237, 240 (2d Cir. 2000) (quoting U.S.S.G. § 2D1.1, cmt. n.3).  Gomez worked at the organization's mills and was a supervisor of workers at six different mills.  It is not disputed that firearms were present at the mills to protect their operations.  See United States v. Schaper, 903 F.2d 891, 896 (2d Cir. 1990) (where defendant used house to store drugs, "[t]he presence of a weapon on [defendant's] premises cannot be said to be unrelated to the ongoing narcotics trade"); United States v. Soto, 959 F.2d 1181, 1186-87 (2d Cir. 1992) (enhancement properly applied even where defendant lacked personal knowledge of firearms' existence).  Indeed, the Court confirmed at the sentencing

---

[1] It should be noted that the Agreement included a sentencing guidelines calculation that incorporated the firearms' adjustment and Gomez acknowledged at his plea that he had read the Agreement and understood it.

proceeding that the defendant was not challenging the application of the firearms adjustment to the offense level calculation.

Similarly, the defendant has not shown any procedural or substantive irregularity in connection with the sentencing proceeding. The Court considered the defendant's arguments for leniency and, after consideration of the Section 3553(a) factors, imposed a below-guidelines sentence. The transcript of the proceeding reflects an individualized examination of the defendant's circumstances.

The remaining issue raised by Gomez is his claim that his attorney was ineffective in advising him to enter the Agreement. His discussion of the deficiencies in his attorney's performance can be construed in two ways. He appears to be arguing that he would have received a sentence below ten years but for the Agreement or that the Agreement erred in including an adjustment for possession of firearms when he had not admitted to possessing firearms during his plea allocution. Each of these arguments reflects a misunderstanding.

First, Gomez was facing a mandatory minimum sentence of fifteen years' imprisonment if convicted on the offenses with which he was charged: ten years on the drug conspiracy charge and a consecutive five years on the firearms charge. Through the Agreement, the Government agreed to accept a plea to a

lesser included offense that carried a five year mandatory minimum term of imprisonment in full satisfaction of the Indictment.  Thus, because Gomez entered the Agreement and a plea to the lesser included offense, the Court was given greater flexibility in sentencing Gomez.  All of this was explained to Gomez at the time of his plea allocution, and he confirmed under oath that he understood both the sentencing range that applied to the crimes charged in the Indictment and to the lesser included offense.  During the allocution, the defendant also acknowledged familiarity with the Agreement's calculation of a sentencing guidelines range of 292 to 365 months.  When the Court again recited that range during the sentencing proceeding, the defendant did not object or indicate any confusion.  In sum, there is no basis to find that defense counsel misled the defendant about his sentencing exposure.

Second, as already explained, the sentencing guidelines adjustment for possession of firearms did not require an admission during the plea allocution.  Thus, there could have been no failure by his counsel in not acting to prevent the inclusion of this adjustment in the Agreement's sentencing guidelines calculation.

CONCLUSION

The August 6, 2012 petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Gomez has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         March 28, 2013

_____
DENISE COTE
United States District Judge

Copies mailed to:

Sotero Gomez
Reg #91525054
Low Security Correctional Institution
P.O. Box 1000
White Deer, PA 17887